FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA.
98 SEP 29 PM 1:29
RICHARD L. MARTIN
CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KENNETH R. THOMPSON

VERSUS

STEPHEN R. WILSON, FRANK L.
LETEFF, AND FOSTER SANDERS

CIVIL ACTION NO.

98-824-B-M2

JUDGE: _____

PETITION FOR DAMAGES AND REQUEST FOR JURY TRIAL

Petitioner, Kenneth R. Thompson, domiciled in Denham Springs, Livingston Parish, State of Louisiana, respectfully represents that:

1.

Made defendants herein are;

A. Frank L. Leteff, a practicing attorney who is domiciled in East Baton Rouge Parish, Louisiana.

B. Stephen R. Wilson, a practicing attorney who is domiciled in East Baton Rouge Parish, Louisiana.

C. Foster Sanders, a former Judge for the 19th Judicial District of the State of Louisiana, whose whereabouts are unknown.

2.

The named defendants are indebted in solido unto your petitioner, for all damages which are well over $350,000 (three hundred and fifty thousand dollars) as a result of the negligence and/or intentional actions of the defendants, together with maximum legal interest and all costs, for the following reasons.

3.

Kenneth Thompson v. Harrison Weber, Suit No. 355,953 was a tort action. It involved an automobile accident that occurred at night in which Thompson struck Weber's parked vehicle from the rear. The contested issues of fact were the location of Weber's car and the lighting at the scene. The case was tried before a jury and a verdict was rendered in defendant, Weber's, favor. Frank Leteff was counsel of record for Thompson in No. 355,953.

4.

Kenneth R. Thompson v. Frank Leteff, Suit No. 389528, was filed in the State of Louisiana, 19th Judicial District Court.

5.

Suit No. 389,528 was originally assigned to Judge Bob Downing and subsequently assigned to Judge Foster Sanders.

6.

Petition, Kenneth Thompson v. Frank Leteff No. 389,528, alleged numerous negligent actions and inactions that amounted to legal malpractice on the part of Frank Leteff in his legal representation of Thompson in Thompson v. Weber NO. 355953. The petition requested a jury trial. The petition alleged that Leteff had breached the contract of employment entered into between himself and Thompson and that Leteff's negligence in his representation of Thompson included but was not limited to the following: 1. Failing to properly familiarize himself with the facts of the case. 2. Failing to properly familiarize himself with the law on the case. 3. Failing to properly research the law as it applies to the case. 4. Failing to properly use discovery methods. 5. Failing to properly prepare for the trial. 6. Failing to properly present petitioner's case at trial. 7. Failing to seat a proper jury. 8. Failing to properly employ jury challenges. 9. Permitting fraudulent evidence to be introduced at trial. 10. Failing to make timely objections to fraudulent evidence. 11. Failing to properly examine and cross-examine witnesses. 12. Failing to research and present legally appropriate jury instructions to the Court. 13. Failing to research defendant's jury instructions. 14. Failing to present a brief in opposition to defendant's erroneous jury instructions to the Court. 15. Failing to timely object to defendant's erroneous jury instructions. 16. Failing to subpeona known witnesses whose previous recorded statements rebutted the defendant's testimony. 17. Breaching the fiduciary duty a lawyer owes his client by trying to convince plaintiff that it would be wise to negotiate for a settlement offer after an appeal on the matter would be filed by the defendant. This settlement offer would repay the defendant for his out of pocket expenses in the case. 18. Forcing the plaintiff to threaten to report his actions to the Louisiana

Bar Association and threaten civil action if the defendant
did not turn over plaintiff's case file after his withdrawal
as counsel.  19. Failing to properly exercise professional
conduct expected of a lawyer.  20. Any and all acts of neg-
ligence of the defendant inherent in these proceedings which
may appear at the trial or by discovery.

7.

On or about 10-5-1995 Leteff aided and abetted by his
attorney of record, Stephen R. Wilson, filed a motion for
summary judgment.

8.

Filed into the record by the defendant in support of the
motion for summary judgment in Suit No. 389,528, were three
affidavits.  Affidavits of L.J. Hymel, Gene Guitreau, and
William Janney were filed.  They were respectively, trial judge,
jury foreman, and defense attorney in Suit No. 355,953.  In
the memorandum in support of the motion for summary judgment
it is admitted on page six that "The opinions of these individuals
may or may not be relevant to the consideration of this Honorable
Court of this Motion for Summary Judgment".

9.

Filed by the defendant into the record in support of
summary judgment is the portion of Suit No. 355,953 trial
transcript relevant to liability and the Court of Appeal
decision in that Suit.

10.

The above-mentioned documents and affidavits filed in
support of summary judgment have no relevance to the allegations
made in Suit No. 389,528 or to the allegations sworn to in
the affidavits referred to below in this petition.

11.

In addition to the allegations of negligence in the
petition of Suit No. 389,528, plaintiff filed into the record
in opposition to summary judgment the following specifics: 1.
Leteff lied to him when he told him pre-trial that he had personally
interviewed several witnesses. 2. Leteff lied to him when he

told him that a number of witnesses had been subpeonaed and would testify at trial of Suit No. 355,953. 3. On the day of trial of Suit No. 355,953 an offer of $35,000 to settle the case was tendered by the defense. That settlement offer was rejected by Thompson based on his belief that Mr. Leteff had subpeonaed those witnesses and his belief that Mr. Leteff was prepared to go to trial. Affidavit of Thompson in Suit No. 389,5

12.

Filed in opposition to motion for summary judgment in Suit No. 389,528 is the affidavit of Kenneth Browning, Thompson's employer at the time of the accident. In his affidavit he states that he had been to the accident scene on the night of the crash and had informed Leteff of his personal knowledge of facts that would corroborate Thompson's testimony at trial of Suit No. 355,953. Browning testified at trial of 355,953 regarding Thompson's employment and of his inability to perform his work related duties after the accident. He was not asked any questions pertinent to the disputed facts concerning causation of the crash.

13.

Filed in opposition to summary judgment in Suit No. 389,528 was the transcript of a conversation between Lois Nowacki and Jesse Hearin. Jesse Hearin and J. Arthur Smith were the attorneys working in Thompson's behalf in Suit No. 389,528. In the conversation Mrs. Nowacki relates that she lives directly across the street from the accident scene. Her testimony corroborates Thompson's and Browning's account of the facts in Suit NO. 355953. Although she lived directly across the street from the site of the accident and witnessed the accident scene shortly after the crash, she was never contacted by Leteff or by anyone acting on his behalf.

14.

Filed in opposition to summary in Suit No. 389,528 was the affidavit of Randolph Hunter. Hunter states in his affidavit that he graduated 13th out of 300 students in 1974 and clerked for a federal judge. As of the day of his affidavit he had

been a practicing attorney in the Baton Rouge area for 20years. As an expert witness he pointed out several instances in which Leteff failed to conform his behavior to the prevailing standard of care existing in the community.

15.

A motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966; Penalbur v. Blount, 550 So.2d 577 (La. 1989). The burden of proof in a motion for summary judgment is on the mover to establish that there is no genuine issue of fact. Nichols v. Nichols, 556 So2d 876 (La. App. Cir. 1990) citing Sanders v. Hercules Sheet Metal, Inc. 385 So2d 772 (La. 1980). Inferences to be drawn from the underlying facts contained in the material before the court must be viewed in the light most favorable to the party opposing the motion. The party opposing a motion for summary judgment must have his properly filed allegations taken as true and must receive the benefit of the doubt when its assertions conflict with those of the movant. Schroeder v. Board of Supervisors, 591 So2d 342 (La. 1991). On a motion for summary judgment, it must first be determined that the supporting documents presented by the moving party are sufficient to resolve all material issues of fact, failing which the motion should be denied. Arnold v. Our Lady of the Lake Hospital, 563 So 2d 1056 (La. App. 1st Cir. 1990). In determining whether an issue is "genuine", courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. Smith v. Our Lady of the Lake Hospital, 639 So.2d 730 (La. 1994). Summary judgment procedure is seldom appropriate in negligence cases in which the decision turns on a determination of whether or not a defendant's conduct constitutes a tort. Such a determination usually involves a factual dispute. Butler v. Howard Trucking Co. Inc., 406 So2d 271 (La. App. 3rd Cir. 1981). An action for

for legal malpractice normally states a cause of action in tort and is subject to the one year prescriptive period provided by LSA-C.C. art. 3492. Gifford v. New England Reinsurance Corp., 488 So2d 736 (La. App. 2nd Cir. 1986). Summary judgment is not appropriate for the disposition of a case in which the ultimate decision will be based on opinion evidence. Morgan v. Campbell, Campbell & Johnson, 561 So2d 926 (La. App. 2nd Cir. 1990). Citing Dixon v. Perlamn, 528 So2d 637 (La. App. 2nd Cir. 1988); Verret v. Cameron Telephone Co., 417 So2d 1319 (La. App. 3rd Cir. 1982), writ denied 422 So2d 164 (La. 1982). Expert testimony is admissible to establish the standard of care exercised by attorneys in the locality. Morgan supra, citing Dixon, supra; citing Watkins v. Sheppard, 278 So2d 890 (La. App. 1st Cir. 1973). This is the applicable law for adjudication of the motion for summary judgment and should have been followed in Suit No. 389,528.

16.

All three defendants are attorneys and as such were aware of or should have been aware of Louisiana State Law governing the use of summary judgment.

17.

Leteff, Wilson and Judge Sanders employed state action when they used and abused the power of Judge Sanders, acting in his capacity as State Judge, to grant and sign the Motion for Summary Judgment in Suit No. 389,528, that all three defendants knew or should have known had no basis in Law.

18.

Leteff, Wilson and Judge Sanders were jointly engaged and were joint participants and acted under color of Louisiana State Code of Civil Procedure Article 966 to deprive Thompson of Equal Protection and Equal Treatment under the law.

19.

Leteff, Wilson and Judge Sanders were jointly engaged and were joint participants and acted under color of Louisiana State Code of Civil Procedure Article 966 to deprive Thompson of due process of law.

20.

Plaintiff has exhausted all state remedies. Summary judgment was affirmed on appeal in the non-published opinion <u>Kenneth R. Thompson v. Frank L. Leteff No. CA 96-0713.</u> Writ denied by the Louisiana Supreme Court September 26, 1997, in case No. 97-C-1548.

21.

Plaintiff alleges amicable demand to no avail.

22.

As a direct result of defendants negligent and/or intentional actions and inactions as described above or any and all acts of negligence and/or intentional actions and inactions of the defendants which may appear at trial or through discovery, plaintiff has sustained damages as following: 1. Loss of compensation, which Leteff evaluated to the jury in Suit No. 355,953 as being $350,000, for damages suffered in the auto accident in Suit No. 355,953. 2. Loss of interest on the $350,000 from January 8, 1992. 3. Mental and physical pain and suffering, past, present and future. 4. Attorney fees. 5. Expert witness fees. 6. Expenses from the prosecution of Suit No. 389,528. 7. Punitive damages are also prayed for.

WHEREFORE, PETITIONER, KENNETH R. THOMPSON, PRAYS:

After due proceedings had, there be judgment in favor of Petitioner, Kenneth R. Thompson, individually and against the defendants in solido, in an amount just and reasonable in the premises, together with legal interest thereon from date of judicial demand, until paid, together with all costs of these proceedings. The amount of damages contained above in paragraph 22. For a trial by Jury on all issues. And for all general and equitable relief.

RESPECTFULLY IN PROPER PERSON:

*Kenneth R. Thompson*

Kenneth R. Thompson
24876 Spillers Ranch Rd.
Denham Springs, La. 70726
(504) 665-0560